BLANK ROME, LLP
Attorneys for Plaintiff
PANSOFIA SPECIAL MARITIME ENTERPRISES
Thomas H. Belknap, Jr. (TB-3188)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

RECEIVED OFFICE COPY
JUL 3 0 2007
U.S.D.C. S.D. N.Y.
CASHIERS

JUDGE JONES

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PANSOFIA SPECIAL MARITIME ENTERPRISES,

    Plaintiff,

-against-

CARGILL INTERNATIONAL S.A.,

    Defendant.

07 Civ. **07 CIV 6830**

**VERIFIED COMPLAINT**

Plaintiff, PANSOFIA SPECIAL MARITIME ENTERPRISES ("Plaintiff"), by its attorneys Blank Rome, LLP, complaining of the above-named Defendant, CARGILL INTERNATIONAL S.A. ("Defendant"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2. At all material times, Plaintiff was and now is a foreign company with its offices in Greece.

3. At all material times, Defendant was and is a foreign corporation or other business entity organized with its offices in Geneva, Switzerland and with no place of business in the United States.

4. By a charter party dated on or about July 21, 2006, ("the Charter"), Pansofia Maritime Inc. chartered the ocean-going cargo vessel M/V PANSOFIA ("the Vessel") to Defendant.

5. On or about September 18, 2006, Pansofia Maritime Inc. duly sold the Vessel to Plaintiff, at which time the charter with Defendant was duly transferred to Plaintiff with the Vessel.

6. While trading the Vessel pursuant to the Charter, Defendant ordered and had delivered to the Vessel on or about October 15, 2006 bunkers supplied by World Fuel Service Corporation pursuant to its invoice no. 160957-531.

7. In breach of the Charter, Defendant wrongfully failed to pay World Fuel Services' invoice as and when it became due, and to date that invoice remains outstanding and currently totals $471,172.82 inclusive of accrued interest and administrative fees.

8. By Memorandum of Agreement dated February 26, 2007, Plaintiff sold the Vessel to Augustea Atlantica S.R.L. In connection with the sale, Plaintiff, Defendant and Augustea duly executed a novation transferring the charter to Augustea. Pursuant to that agreement, Plaintiff undertook to indemnify Augustea in respect of any claim against the Vessel which was incurred prior to the time of delivery.

9. World Fuel Services had put Augustea on notice that it intends to arrest the Vessel and enforce its maritime lien against the Vessel at the earliest opportunity if its invoice to Defendant is not paid in full.

10. Augustea has, in turn, put Plaintiff on notice that it intends to enforce its rights under the Memorandum of Agreement to be indemnified by Plaintiff in respect of this claim.

11. By failing to timely pay this debt and by allowing the lien to continue against the Vessel, Defendant was and presently is in breach of the Charter, including but not limited to Clause 18 of the Charter which provides that "charters will not suffer nor permit to be continued, any lien or encumbrance incurred by them or their agents, which might have priority over the title and interest of the owners' in the vessel."

12. As a consequence of Defendant's breach, Plaintiff has suffered and continues to suffer substantial damages.

13. The Charter provides for arbitration of disputes in London. Plaintiff reserves it right to arbitrate the dispute pursuant to 9 U.S.C. § 8.

14. Maritime Arbitrators in London routinely award interest, legal fees and arbitral costs to a successful party. Plaintiff estimates these recoverable costs and interest will be at least $225,000, inclusive of fees and costs likely to be awarded in favor of World Fuel, Augustea and Plaintiff and ultimately against Defendant.

15. Although duly demanded, Defendant has refused to provide security for Plaintiff's claim.

16. Accordingly, the total amount of Plaintiff's claims for which Plaintiff requests issuance of Process of Maritime Attachment and Garnishment is **US$696,172.82**.

17. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight and/or hire credits in the hands of garnishees in this District, including but not limited to electronic fund transfers.

**WHEREFORE**, Plaintiff prays:

A.   That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.   That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims, attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee in the district which are due and owing or otherwise the property of to the Defendant up to the amount of **US$696,172.82** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.   That this Court enter judgment for Plaintiff's damages plus interest and costs, or retain jurisdiction over this matter through the entry of a judgment on an arbitration award.

D.   That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
July 30, 2007

        Respectfully submitted,
        BLANK ROME, LLP
        Attorneys for Plaintiff
        PANSOFIA SPECIAL MARITIME
        ENTERPRISES

        By _____
        Thomas H. Belknap, Jr. (TB-3188)
        405 Lexington Ave.
        New York, NY 10174-0208
        (212) 885-5000

## VERIFICATION

STATE OF NEW YORK         )
                          : ss.:
COUNTY OF NEW YORK        )

Thomas H. Belknap, Jr., being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
Thomas H. Belknap, Jr.

Sworn to before me this
30th day of July 2007

_____
Notary Public

ELAINE BONOWITZ
Notary Public, State of New York
No. 43-4893320
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires May 11, 20__

311510.1
900200.00001/6564343v.1

5

BLANK ROME, LLP
Attorneys for Plaintiff
PANSOFIA SPECIAL MARITIME ENTERPRISES
Thomas H. Belknap, Jr. (TB-3188)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PANSOFIA SPECIAL MARITIME ENTERPRISES,<br><br>Plaintiff,<br><br>-against-<br><br>CARGILL INTERNATIONAL S.A.,<br><br>Defendant. | 07 Civ.<br><br>**AFFIDAVIT UNDER**<br>**SUPPLEMENTAL RULE B** |

STATE OF NEW YORK     )
                                             ) ss:
COUNTY OF NEW YORK )

THOMAS H. BELKNAP, JR., being duly sworn, deposes and says:

1. I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome, LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendant, ("Defendant"), a foreign corporation, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2.     Defendant is a party to a maritime contract of charter party and is a foreign corporation with offices in Geneva, Switzerland and no offices or place of business within this judicial district.

3.     Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4.     In our search, we did not find any listing or reference to Defendant in this judicial district or the state of New York. In the circumstances, I believe Defendant cannot be found within this district.

_____
THOMAS H. BELKNAP, JR.

Sworn to before me this
30th day July, 2007

_____
Notary Public

ELAINE BONOWITZ
Notary Public, State of New York
No. 43-4893320
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires May 11, 20___/ /

311808.1
900200.00001/6564346v.1

2